IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-12,765-03; WR-12,765-04; WR-12,765-05; WR-12,765-06






EX PARTE WILLIAM EUGENE TRIGGS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 14875; 15553; 14874; 15554 IN THE 329
TH DISTRICT COURT


FROM WHARTON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for writs of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of retaliation, tampering with physical
evidence, assault on a public servant, and evading arrest and sentenced to three years' imprisonment in
each cause. 

 Applicant contends that he was denied adequate notice that he would be considered for release
on mandatory supervision by the Texas Board of Pardons and Paroles under the discretionary mandatory-supervision statute, Tex. Code Crim. Proc. art. 42.18, § 8(c). 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was afforded adequate notice
that he would be considered for release on mandatory supervision by the Texas Board of Pardons and
Paroles under the discretionary mandatory-supervision statute. Ex parte Retzlaff, 135 S.W.3d 45 (Tex.
Crim. App. 2004). The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: October 3, 2007

Do not publish